BLACK *et al. v.* BLODGETT.

(Division B. Jan. 2, 1933.)

[145 So. 99. No. 30315.]

Fishel & Stevens, of Hattiesburg, for appellants.

**J. W. Backstrom,** of Leakesville, for appellee.

Argued orally by **E. C. Fishel**, for appellant, and by **Mark Norris**, and **J. W. Backstrom**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellee, Blodgett, formerly owned a large tract of land in the state of Mississippi, and sold the same to Dan C. Bowling, taking certain notes and a deed of trust to secure the payment of the purchase money, other than the cash payment. Thereafter, Bowling made certain conveyances to a corporation known as Wayne-

Green-Perry Land Company of which Black was the president, and to the Wayne-Green Oil Land Trust, an unincorporated association commonly known as a Massachusetts trust, of which Black was a member and one of the trustees or managers. Black is interested in the lands acquired from Bowling.

Bowling executed three notes for twenty-nine thousand, seven hundred fifty dollars each, dated May 12, 1930, and payable on May 12, 1931, May 12, 1932, and May 12, 1933, secured, as stated above, by a deed of trust on the land conveyed. It was also agreed in the contract between Blodgett and Bowling that Bowling would pay interest on the notes semi-annually, and would pay the taxes on said land. Bowling defaulted in the interest payment of May 12, 1931, and also defaulted in the payment of the taxes; and, under the terms of the deed of trust, such default authorized Blodgett to mature the whole indebtedness, and foreclose the deed of trust, which he determined to do, and filed a bill for said purpose. The bill made the deed of trust an exhibit, and also the deeds from Bowling to the various defendants. Each of the deeds, other than that to Bowling, contained the following stipulation: "This conveyance is made subject to taxes for the year 1930; also subject to all existing highways, and also subject to a mortgage encumbrance from said first party (Bowling) to John W. Blodgett, dated the 12th day of May, 1930, aggregating the sum of Eighty-nine Thousand, two hundred fifty ($89,250) Dollars."

The several appellants and Bowling were made defendants to the bill, and answers were filed by the defendants other than Bowling. The bill was returnable and triable at the November, 1931, term of the chancery court of Perry county. The complainant presented evidence to establish his case and rested; the defendants stated that they were not then ready, and entered an

agreement in court with the complainant to continue the case to be heard at Gulfport, Miss., in vacation, with leave to the defendants to amend their answer, or file an amended answer, on or before November 14, 1931, the case to be heard on November 20, 1931. The court's order in this regard reads as follows:

"The defendants not being prepared at this time to offer their evidence, it becomes necessary to postpone further hearing of the cause until another date beyond the adjournment of the present term of court; and all parties agreeing thereto, it is now ordered and decreed that the adjournment of the hearing of this cause be taken until the 20th day of November, 1931, at 10:00 o'clock a. m. on said day when said hearing will be resumed at the courthouse in the city of Gulfport, Harrison county, Mississippi, at which time it is further agreed and so ordered that all parties will appear in person or by attorney and further proceed with the hearing of the cause then and there until the conclusion thereof; whereupon final decree will be rendered by the chancellor in vacation, same to be binding and effective on all parties as if the same were rendered here and now in term time; all parties being present in court now and consenting thereto, counsel for defendant suggesting to the court that it may be their desire to file an amended answer or an amendment to the answer now on file prior to the further hearing of this cause on November 20th; it is further ordered and decreed that the defendants herein may amend their answer on file or file an amended answer on or by the 14th day of November, 1931, a copy of same to be furnished counsel for complainant at that time and final hearing on the bill of complaint and said amended answer to be had and concluded on the 20th of November, 1931, as hereinbefore provided."

When the parties met at Gulfport for the trial of this case, the defendants had not only filed an amended

answer, but had made it a cross-bill, and had made Bowling a party to the cross-bill and served summons upon him returnable at the December rule day.

At first, the complainant, Blodgett, answered the cross-bill, and then obtained leave of the court to withdraw his answer thereto and moved to strike the cross-bill from the files, which motion the court sustained. The complainant then offered, if the defendants would agree to then go to trial, to permit the cross-bill to be filed, and answer to be filed, and then dispose of the whole matter.

The defendants declined to make this agreement, stating that they were not ready, in the condition of the record, to introduce proof on their part.

A decree was entered in favor of the complainant, Blodgett, granting the relief prayed, from which decree this appeal was prosecuted.

The appellants (Black et al.) contended that, as a matter of right, they had the right to make their answer a cross-bill under section 385, Code of 1930, reading as follows:

"A defendant in a chancery suit may make his answer a cross-bill against the complainant, or his co-defendant or defendants, or all of them; and may introduce any new matter therein material to his defense, and may require the same to be answered; and in the same manner may require of the complainant, or any of the defendants, a discovery of any matter material to his defense, and he shall have process thereon against the defendants to such cross-bill, and the like proceedings thereon as in other bills or cross-bills; but five days' notice, in writing, to the solicitor of the complainant in the original bill shall be sufficient to require the complainant to appear to such cross-bill, and to answer the same within said time, unless the court, or chancellor in vacation, for cause shown, extend the time for answering."

We do not think this section makes it a matter of absolute right for the appellants to have made their answer a cross-bill under the circumstances, and the agreement existing in this case. The object of the statute is to give a defendant a right to make his answer a cross-bill and set up affirmative matters asking for relief, in a proper case, and where the cross-bill is seasonably filed. In the case at bar, an answer had been filed and the cause had proceeded to trial. At that stage of the case, it was discretionary with the court whether he will permit a cross-bill to be then filed. See Burford v. Kersey, 48 Miss. 642. On page 650 of 48 Miss., it is said that:

"The proper time for filing a cross-bill is at the time of putting in the answer to the original suit, and before issue is joined. When the filing of a cross-bill is delayed until after the original suit is at issue, the complainant in such cross-bill will not be entitled to an order staying the proceedings in the original suit, without showing some excuse for his delay. . . . And the court itself will, sometimes, at the hearing, at its discretion, direct a cross-bill to be filed when it is necessary to bring before the court the rights of the parties and the matters necessary to a just determination."

It was not a matter of right, at that stage of the trial, for the defendants to make their answer a cross-bill. No reason is shown why they should not have done so with their original answer; and it devolves upon the party filing a cross-bill out of time to make a showing as to why it was not seasonably filed.

In addition to this, the agreement made was that an amended answer would be filed by a given time, and that then the case would proceed to trial on Nov. 20th, in vacation, at Gulfport, Miss., and continue to conclusion. In other words, the defendants had agreed with the complainant and with the court that, if the trial was postponed until November 20th, they would have their

answer amended and would proceed to trial at Gulfport, Miss. Nothing was said in the agreement about filing a cross-bill, and, if allowed, such cross-bill would have necessarily caused delay.

The chancellor, in his ruling on November 20th, gave a good reason for refusing to delay the case, stating that the parties were in court from a distant state or states, and that it would be expensive and troublesome to the complainant to continue the case.

Furthermore, it does not appear that all the witnesses were not then in court for use in said trial.

We think the chancellor was within his rights, and properly refused to continue the case further, and his decree will be affirmed.

Affirmed.